.[No. 10,713.—In Bank.]
June 29, 1882.

## THE PEOPLE *v.* JOSEPH CADD.

ATTEMPT TO COMMIT ROBBERY—-INSTRUCTIONS—EVIDENCE.—Information for an attempt to commit robbery. The Court instructed the jury as stated in the opinion, and refused to grant an instruction asked by the defendant.

*Held :* The charge of the Court was correct and embodied the instruction refused.

APPEAL from a judgment of conviction, and from an order denying a new trial in the Superior Court of San Bernardino County. ROLFE, J.

The following is the instruction asked by defendant and refused by the Court: "The Court on the part of defendant instructs the jury as follows: That the character of a party's motives even when they are unquestionably of a criminal nature, may nevertheless be susceptible of different interpretations and indicative of very different degrees of moral and legal guilt.

"In all cases every sound principle of interpretation and judgment requires that the act shall be referred to the operation of the least guilty motive which can be reasonably deduced from the evidence.

. "Refused, because so far as applicable, included in the charge of the Court. ROLFE, Judge."

*Satterwhite & Curtis,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

The COURT:

In the charge of the Court below is embodied, in substance, such portions of the instructions asked by the defendant, and refused by the Court, as were pertinent and proper.

The charge is as follows:

"The jury are the judges of the effect or value of evidence addressed to them. Their power, however, of judging of the effect of evidence is not arbitrary, but should be exercised

with legal discretion and in subordination of the rules of evidence.

"You are not bound to decide in conformity with the declarations of any number of witnesses, which do not produce conviction in your minds against a less number, or against a presumption or other evidence satisfying your minds.

"The defendant is accused of making an assault with intent to rob one Harrison Bemis. The accused is presumed to be innocent until the contrary is established. In every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence. As to this intent, you must derive at that from his acts and conduct, and the circumstances in the case. No man can look into the mind of another and read it like a book. But there are certain presumptions of law regarding a man's intent, by which you should be governed. These are, that an unlawful act was done with an unlawful intent. Also, that a person intends the ordinary consequences of his voluntary act. These presumptions are by law satisfactory, if uncontradicted, but may be contradicted by other evidence. The effect of these rules is, that when the doing of an act, which, if coupled with a guilty intent, would be a violation of law, is proven, the burden of showing that the act was done without a guilty intent, is usually thrown upon the accused.

"In this case, if it be proven that the accused made an assault upon Bemis, at the same time demanding his money, the presumption is that he intended to rob Bemis or get his money by means of force or fear—and upon this presumption you should act, unless such intent is contradicted by other evidence or circumstances attending the case.

"The defendant is entitled to the benefit of all reasonable doubt arising from the evidence, as well in respect to any essential fact or matter necessary to constitute guilt, as to whether he is guilty at all.

"It is your duty as reasonable men to carefully weigh and compare all the evidence and circumstances with the view of not convicting the accused on a mere probability of guilt, however plausible; unless the evidence, observing also the presumptions of law, entirely satisfies you of his guilt.

"If, however, you are so satisfied of his guilt, your plain

duty is to convict. In this matter you should be guided by reasonable common sense. You are not to seek for doubts by any strained construction or interpretation of evidence or facts.

"A reasonable doubt is not a mere possible doubt. For everything depending on human testimony is liable to some conceivable doubt.

"A reasonable doubt is that state of the case which, after the entire comparisons and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say that they feel an abiding conviction to a moral certainty of the truth of the charge; that is to a certainty that convinces and directs the understanding and satisfies the reason and judgment of those who are bound to act conscientiously upon it."

To this charge several objections are taken; but we think they amount to no more than verbal criticism. The Court stated the law to the jury clearly and correctly.

Judgment and order affirmed.